UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
KELVIS BORGEN,                          :        21cv8045 (DLC)
                                        :
                     Plaintiff,         :     MEMORANDUM OPINION
                                        :         AND ORDER
          -v-                           :
                                        :
LARRY D. TELL-LEE, JR.,                 :
                                        :
                     Defendant.         :
                                        :
----------------------------------------X
----------------------------------------X
                                        :
LARRY D. TELL-LEE, JR.,                 :
                                        :
                     Third-Party        :
                     Plaintiff,         :
                                        :
          -v-                           :
                                        :
MAMADOU DIALLO, et al.,                 :
                                        :
                     Third-Party        :
                     Defendants.        :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

On January 30, defendant and third-party plaintiff Larry D.
Tell-Lee, Jr. submitted a request to vacate the dismissal of his
claims against third-party defendant Mamadou Diallo and to amend
the joint pretrial order.  Based on the history of this
litigation and for the reasons explained below, Tell-Lee's
request to vacate the dismissal is denied.

This action was removed from state court by defendant Tell-Lee on September 27, 2021.  On June 27, 2022, Tell-Lee submitted a status letter asking to implead Mamadou Diallo, Uber Technologies Inc. ("Uber"), and Global Liberty Insurance Company of New York ("Global Liberty").[1]  Tell-Lee was ordered to file his third-party complaint and proof of service on the third-party defendants.  On July 5, Tell-Lee filed his third-party complaint against Diallo, Uber, and Global Liberty, along with affidavits of service of the third-party summons and complaint for each of the three third-party defendants.  On August 17, the case was reassigned to this Court.  Uber answered the third-party complaint on August 19 and asserted crossclaims against Diallo and Global Liberty.

A pretrial conference was held on October 21, at which counsel for all parties except Diallo appeared.  At the conference, Tell-Lee was ordered to move for entry of default against Diallo by October 28.  Also during the conference, counsel for Uber explained that when Tell-Lee previously attempted to serve Diallo, Tell-Lee served the wrong person.  Uber's counsel further explained that Uber had identified the correct individual and served him with Uber's answer and

---

[1] The claims against Uber and Global Liberty were later voluntarily discontinued.  As explained below, the claims against Diallo were dismissed on January 6, 2023.

crossclaims.  Uber's counsel offered to share Diallo's contact information with the other parties, including Tell-Lee.

On October 27, Tell-Lee filed a motion for default judgment against Diallo, but the motion did not include a certificate of default from the Clerk of Court.  Accordingly, on October 28, Tell-Lee was ordered to file a proposed certificate of default by November 4 and to file a renewed motion for default judgment by November 18.

On November 8, Tell-Lee filed a letter explaining (again) that Tell-Lee had not originally served Diallo at the correct address.  In the letter, Tell-Lee requested a 45-day adjournment of the deadlines to move for default so that Diallo could be served properly and have time to answer.  Accordingly, on November 9, Tell-Lee was ordered to file a proposed certificate of default by November 22 and a renewed motion for default by December 22.

Tell-Lee did not serve Diallo at the "correct" address until November 17.  Thus, when Tell-Lee filed a proposed certificate of default on November 30, Diallo was not yet in default.  Tell-Lee was notified of this error on the Court's Electronic Case Filing ("ECF") system and was instructed by the Clerk of Court to refile the certificate after the time to answer had elapsed.  On December 16, Tell-Lee filed another proposed certificate of default, but the certificate was again

3

rejected by the Clerk of Court.  The Clerk of Court notified
Tell-Lee through the ECF system that the second proposed
certificate was rejected because it did not include the required
supporting affidavit.  Tell-Lee has not filed another proposed
certificate of default to address this error.

Meanwhile, other deadlines in the case also came and went.
On November 18, Uber missed its deadline to move to dismiss the
third-party complaint filed by Tell-Lee.  On December 16, the
parties missed their joint deadline to file the joint pretrial
order.  Chambers called the parties on December 19 to notify
them of the missed December 16 deadline.  Shortly thereafter on
December 19, the parties filed a letter requesting a 30-day
extension of all deadlines in the case.[2]

On December 20, the parties were granted an extension of
time to file the joint pretrial order until January 13, 2023.
Additionally, a default judgment hearing was scheduled for
January 6, the final pretrial conference was scheduled for
February 3, and trial was scheduled to commence on February 13.
The December 20 Order also stated that "all other existing
deadlines in this case shall remain."  Finally, the Order
instructed that "[a]ny future requests for extension of any

---

[2] In the letter, counsel for Tell-Lee represented that he had
refiled another proposed certificate of default against Diallo
on December 19.  No such filing, however, appears on the docket.

deadline shall be submitted in a letter no longer than two (2) pages filed on ECF before the relevant deadline has passed."

On December 22, when the renewed motion for default was due, Tell-Lee did not file a renewed motion, did not file a renewed proposed certificate of default, and did not file a request for extension.  Chambers telephoned counsel for Tell-Lee multiple times after this missed deadline and left a voicemail noting the missed filing.  Tell-Lee again did not file anything in response.

Thus, on January 4, 2023, an Order was issued canceling the default judgment hearing and directing Tell-Lee to show cause by January 6 why the claims against Diallo should not be dismissed for failure to prosecute.  On January 6, Tell-Lee did not submit anything in response to this Order, nor did he request an extension of the deadline.  Accordingly, on January 10, the claims against Diallo were dismissed.

On January 13, the plaintiff filed his materials for the pretrial order.  Tell-Lee belatedly filed his materials on January 17.

Finally, on January 30, Tell-Lee filed a letter seeking to vacate the January 6 Order dismissing the claims against Diallo. The letter also included a request to amend the joint pretrial order and jury charge "to include New York Vehicle Traffic Law Section 1214 which prohibits opening or leaving a vehicle door

open when it is unreasonable or interferes with traffic."  Tell-
Lee does not explain his failure to include this proposed
instruction in his filings with the pretrial order.

To justify Tell-Lee's delay in seeking to reinstate the
claims against Diallo, the January 30 letter represents that
Tell-Lee's counsel "d[id] not recall receiving" the January 4
Order and "did not see" the January 6 Order.  It also notes that
Tell-Lee's counsel

> may have thought the filing of the motion for
> default . . . as well as the November 30, 2022 and
> December 16, 2022 filings of proposed certificates of
> default constituted showing that Mr. Diallo had been
> properly served . . . and that the action against him
> should not be dismissed.

Finally, the letter states that Tell-Lee "has acted at all times
diligently and in good faith" and that he "promptly served Mr.
Diallo as early as possible and took all steps necessary to
obtain a default judgment against him."  The plaintiff opposes
Tell-Lee's application, citing the delays and the prejudice to
plaintiff caused by reinstating the claims against Diallo at
this stage.

Rule 60(b), Fed. R. Civ. P., provides for relief "from a
final judgment, order, or proceeding" for any of these reasons:

> (1) mistake, inadvertence, surprise, or excusable
> neglect;
>
> (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Tell-Lee does not identify which provision of Rule 60(b) allegedly justifies his request to vacate the order dismissing his claims against Diallo.  In fact, Tell-Lee has not cited the appropriate rule, nor has he even filed a motion seeking to vacate the order.  Instead, he has filed only an informal letter asking that he "be permitted to maintain his action against Mr. Diallo and the owner of his vehicle."[3]

Nonetheless, the only provision applicable to Tell-Lee's requested relief is Rule 60(b)(1).  Courts have held that four factors determine whether a party's neglect is "excusable" under Rule 60(b)(1):

(1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith.

---

[3] Tell-Lee has not identified any individual other than Diallo who may be the owner of the vehicle in question.

Washington v. Ryan, 833 F.3d 1087, 1098 (9th Cir. 2016); see also In re MI Windows & Door, Inc., Prods. Liability Litig., 860 F.3d 218, 226 (4th Cir. 2017); Alexander v. Saul, 5 F.4th 139, 142 (2d Cir. 2021) (applying the four factors in assessing "excusable neglect" for the purposes of Federal Rule of Appellate Procedure 4(a)(5)).

The four factors weigh against vacating the dismissal of the claims against Diallo.  First, Borgen (and Diallo) will be severely prejudiced by a vacatur of the dismissal.  It is critical that all parties that are necessary to resolve the claims are present for trial and that trial is held only once. The order to show cause procedure for entry of default judgment, which many judges of this Court use, reduces the risk that a defendant's failure to timely file an answer was due to oversight or lack of notice.  Here, Tell-Lee waited until almost a year after the action was filed to join Diallo, did not serve Diallo properly until November 17, 2022 (if ever), has never obtained a certificate of default from the Clerk of Court, and has repeatedly failed to respond to the Court's telephone calls and scheduling orders issued on ECF.  Trial is set to commence in less than two weeks.  Reinstating the claims against Diallo at this late stage in the litigation would severely disrupt the proceedings on the eve of trial.

The second factor is neutral or, at best, weighs slightly in favor of vacating the dismissal. The delay in seeking entry of default has lasted several weeks. Although this length of delay is not extreme, for the reasons outlined above, the delay would significantly impact the proceedings given the imminence of trial.

The third factor weighs strongly against vacating the dismissal. The only reasons given for any of Tell-Lee's several missed deadlines are that Tell-Lee "did not see" or "d[id] not recall" the orders at issue. This is no excuse. Under this District's ECF Rules and Instructions, "it remains the duty of Filing and Receiving Users [of the ECF system] to regularly review the docket sheet of the case." Tell-Lee offers no explanation for why he repeatedly failed to review multiple orders from this Court and notices from the Clerk of Court.

The final factor also weighs against vacating the dismissal. For the reasons outlined above, Tell-Lee's actions suggest a pattern of neglect and delay. Tell-Lee has repeatedly missed deadlines and requested extensions after the fact. Indeed, even after he was specifically instructed to submit extension requests prior to the expiration of the relevant deadlines, Tell-Lee instead chose to allow the relevant deadlines to lapse and then wait until several days later to request the relief he seeks now. Accordingly, it is hereby

ORDERED that Tell-Lee's request to vacate the dismissal of claims against Diallo is denied.

IT IS FURTHER ORDERED that Tell-Lee's request to amend the joint pretrial order and jury charge will be addressed at the final pretrial conference on February 3.

Dated:     New York, New York
           February 1, 2023

                                    _____
                                         DENISE COTE
                                    United States District Judge